UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

Jeromee Wade GREENOUGH,

                              Petitioner,

          -against-

Mr. HUFFORD,

                              Respondent.

-------------------------------------------------------------X

SARAH NETBURN, United States Magistrate Judge.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___ 7/26/2013

12-CV-08836 (JPO)(SN)

<u>REPORT AND
RECOMMENDATION</u>

TO THE HONORABLE J. PAUL OETKEN:

*Pro se* petitioner Jeromee Wade Greenough brings this petition for writ of *habeas corpus*, pursuant to 28 U.S.C. § 2241, alleging that the Federal Bureau of Prisons (the "BOP") erroneously calculated the presentence custody time credited to his federal sentence. Because the days that Greenough asks to have credited toward his federal sentence already have been credited to his state sentence, he is not entitled to the relief he seeks. Accordingly, his petition for writ of *habeas corpus* should be DENIED.

**BACKGROUND**

Greenough is a prisoner at the Federal Correctional Institution in Otisville, New York ("FCI Otisville"), where he is serving a 235-month sentence for armed bank robbery.

**I.      Factual Background**

The following facts are taken from the parties' pleadings and the record.

### A.  Presentence State Custody

On October 11, 2001, Greenough was arrested by the Sumter County, Florida Sheriff's Department for armed robbery, conspiracy to commit robbery, aggravated assault with a deadly weapon and battery. On May 14, 2002, Greenough's Sumter County charges were dismissed in favor of a federal prosecution for the same offenses. It is the sentence calculation for this conviction that Greenough challenges.

### B.  Post-Sentence State Custody

On April 24, 2002, while Greenough's Sumter County charges were still pending, he was writted from Sumter County to Polk County, Florida, where he was sentenced to five years' imprisonment for attempted robbery with a deadly weapon. Following this sentence, he was transferred to Pasco County, Florida, to face additional charges of attempted robbery. On August 26, 2003, Greenough was sentenced in Pasco County to a 21-month sentence.

On August 29, 2003, pursuant to a writ, Pasco County released Greenough to Hernando County, Florida to address additional pending charges. On October 15, 2003, Greenough was sentenced in Hernando County to two concurrent ten-year sentences for armed robbery.

The Florida Department of Corrections credited to Greenough's state sentences, as time served, the period from Greenough's arrest on October 11, 2001, until October 15, 2003, when he was sentenced by Hernando County.

### C.  Federal Conviction and Sentence

On November 13, 2003, following the imposition of his sentence in Hernando County, Greenough was released to the custody of the United States Marshals pursuant to a writ of *habeas corpus ad prosequendum* to face charges in the United States District Court for the

Middle District of Florida for the conduct for which he was arrested on October 11, 2001, in Sumter County. He remained in the custody of the U.S. Marshals through June 28, 2004.

On February 27, 2004, Greenough pled guilty in the Middle District of Florida to nine counts arising from his commission of armed bank robberies from June 13, 2001, through October 11, 2001. On June 17, 2004, the court imposed a 235-month sentence on Greenough. That sentence was to run concurrently with the state sentences imposed by Pasco and Hernando Counties. On June 28, 2004, based on Florida's primary jurisdiction, Greenough was returned to the custody of the Florida Department of Corrections.

On October 11, 2011, Greenough completed his state sentences and was released to the Bureau of Prisons to serve the balance of his federal sentence.

### D.  Federal *Habeas Corpus* Petition

Greenough initially filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 seeking the same relief sought here in the Middle District of Florida, but it was dismissed for lack of jurisdiction. See Greenough v. Rodriguez, 12 Civ. 02609 (M.D. Fla. Nov. 20, 2012). Because Greenough is incarcerated in a facility located in Otisville, New York, on December 4, 2012, he filed this petition in the Southern District of New York. On May 3, 2013, the Honorable J. Paul Oetken referred this case to my docket for a report and recommendation. On May 22, 2013, respondent filed his answer. On July 9, 2013, Greenough filed his reply and the petition became fully briefed.

### DISCUSSION

Greenough seeks *habeas* relief on the ground that his federal sentence was erroneously calculated based on presentence custody credit.

I.      **Exhaustion**

The Attorney General, acting through the BOP – and not the sentencing judge – is responsible for calculating sentencing credits for a prisoner's presentence custody. United States v. Wilson, 503 U.S. 329, 334-35 (1992). Thus the BOP's decision to grant such presentence custody credit is subject to judicial review only after the defendant has exhausted his administrative remedies with the BOP, United States v. Labeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998), or established cause and prejudice for his procedural default, Carmona v. United States BOP, 243 F.3d 629, 634 (2d Cir. 2001). The requirement to exhaust "protect[s] the authority of administrative agencies, limit[s] interference in agency affairs, develop[s] the factual record to make judicial review more efficient, and resolv[es] issues to render judicial review unnecessary." Beharry v. Ashcroft, 329 F.3d 51, 62 (2d Cir. 2003).

In his petition, Greenough states that he exhausted his administrative remedies. Respondent disputes this assertion, showing that Greenough filed a required appeal to the Regional Director three weeks late and did not reply to the BOP's request to explain his untimely submission, and then presented an untimely appeal to the Office of General Counsel while again failing to respond to the BOP's request for explanation.

A petitioner fails to exhaust when his appeal is denied as untimely and he does not explain his delay. See Carmona, 243 F.3d at 632-35; Gordon v. Yusuff, 102 F. App'x 415, 415 (5th Cir. 2004) (per curiam) (finding that federal habeas petitioner failed to exhaust administrative remedies when he provided no explanation for filing untimely appeal); Collins v. Zickefoose, 08 Civ. 00747 (WWE), 2008 WL 4980361, at *2 (D. Conn. Nov. 20, 2008) (same). Here, Greenough failed to provide any explanation or excuse for his untimely administrative grievance. Accordingly, Greenough has failed to exhaust. See Carmona, 243 F.3d at 634-35

4

("We are unpersuaded that [petitioner] will be able to demonstrate 'cause' by proffering an adequate excuse for his failure to request an extension of time for his administrative appeal.").

In his reply, Greenough argues that he mistakenly presented his claim at the institutional level when he should have submitted it first to the Designation and Sentence Computation Center (the "DSCC") in Grand Prairie, Texas, and then to the General Counsel – and that it was incumbent on the BOP to inform him of the proper procedure. Thus Greenough's defense for his untimely filings with the regional office and Office of General Counsel appears to be that he was never informed that he was supposed to submit his claims to those offices. The Court is doubtful that this reasoning excuses Greenough's failure to respond to the BOP's requests. Greenough, moreover, cannot show that he was prejudiced by any BOP action: he presented his claims to the proper institutions, but ignored their requests to explain why his submissions were late. Greenough's own failures to provide an explanation caused his default.

Nevertheless, the Court will exercise its discretion to proceed with the analysis because Greenough's underlying claims are without merit. Martinez v. United States, 19 F.3d 97, 99 (2d Cir. 1994) (*per curiam*) (finding that petitioner's claim for sentencing credit lacked merit notwithstanding seeming failure to exhaust); Sarro v. Billingsley, 11 Civ. 09395 (MHD), 2013 WL 120817, at *3 (S.D.N.Y. Jan. 10, 2013) (same).

## II.   Merits Review

Federal courts are required to construe a *pro se* petitioner's *habeas* petition liberally. Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir. 2008); see Haines v. Kerner, 404 U.S. 519, 520–21 (1972). "A writ of *habeas corpus* under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." Carmona, 243 F.3d at 632; accord Poindexter v. Nash, 333 F.3d 372, 377 (2d

Cir. 2003) ("Under § 2241, a prisoner may challenge the . . . calculations by the [BOP] of the credit to be given for other periods of detention." (citations and internal quotation marks omitted)).

A federal sentence commences, at the earliest, when an individual is sentenced. See Lopez v. Terrell, 654 F.3d 176, 185, 187 n.5 (2d Cir. 2011); Labeille-Soto, 163 F.3d at 98. Credit for time served before the commencement of a federal sentence is computed by the Attorney General, who delegates that responsibility to the BOP. See Wilson, 503 U.S. at 331-34; United States v. Montez-Gaviria, 163 F.3d 697, 700-01 (2d Cir. 1998). In turn, the BOP is bound by the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 *et seq.* (the "Act"), which provides:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. Thus, under § 3585(b), the BOP cannot grant presentence custody credit if the prisoner has already received credit for the same period of custody toward a state sentence. See Lopez, 654 F.3d at 178 (citing Labeille-Soto, 163 F.3d at 99 (stating that a "defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence")).

6

There are limited exceptions to the general bar against double-counting presentence custody proscribed in § 3585(b). The BOP will grant presentence custody credit when a prisoner is serving concurrent federal and state terms, and the state raw effective full term (or "Raw EFT") is a date equal to or *earlier* than the federal Raw EFT.[1] See Willis v. United States, 438 F.2d 923, 925 (5th Cir. 1971). Under the Willis exception, a prisoner is entitled to receive credit toward his federal sentence for all presentence, non-federal custody that occurs on or after the date of the federal offence until the date that the first sentence, whether state or federal, begins. (See Declaration of Dawn L. Giddings, Ex. 9 (the "BOP Sentence Computation Manual") at 1-22.)

The BOP also will grant presentence custody credit if the prisoner is serving concurrent federal and state terms, the state Raw EFT is a date equal to or *later* than the federal Raw EFT, but the date for the completion of the state sentence, after application of credit for qualified state presentence time, is reduced to a date that now is *earlier* than the federal Raw EFT. See Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993). Where the Kayfez exception applies, the BOP will grant enough presentence custody credit to reduce the prisoner's federal term so that it is equal to the state term, in order to give the prisoner full credit for his presentence custody. (See BOP Sentence Computation Manual at 1-22B to 22-C.)

**A. BOP's Sentence Calculation**

Greenough's federal sentence began on June 17, 2004 – the date it was imposed – while he still was serving his state sentence. His sentence initially was computed by the DSCC on

---

[1] The Raw EFT is the date for completion of a sentence when no presentence custody credit is applied. It is calculated by adding the length of the sentence imposed to the commencement date of the sentence.

December 30, 2010, and certified on May 23, 2011.[2] In this computation, Greenough's federal

Raw EFT was determined to be July 9, 2021. Under <u>Willis</u>, he was (erroneously, it turns out)

granted 735 days of presentence custody credit, from October 11, 2001 – the date of his arrest for

the conduct underlying Greenough's federal sentence – through October 15, 2003 – the date

when Greenough's third state sentence was imposed. This resulted in a scheduled release date of

July 5, 2019.

      After Greenough's *habeas* petition was filed, the DSCC reexamined its sentencing

calculations and determined that Greenough should have received presentence custody credit

from October 11, 2001, through only April 23, 2002 – the day before the commencement of his

first state sentence, for the Polk County conviction, which was imposed on April 24, 2002.

Consequently, Greenough's sentence was recalculated to remove the <u>Willis</u> credit for the period

from April 24, 2002, through October 15, 2003. Based on that recalculation, Greenough is

scheduled to be released on December 26, 2020.

### B.  Greenough's Objections to BOP's Calculations

      Read liberally, Greenough makes three objections to the calculation of his sentence. To

begin, he objects that the BOP incorrectly calculated the date when his federal sentence

commenced. Greenough may be arguing that his federal sentence should be calculated to start on

either the date his federal detainer was lodged or the date he was transferred to federal custody

pursuant to the writ of *habeas corpus ad prosequendum*. But this conclusion would be

inconsistent with § 3585(a), which establishes that a federal sentence commences only after the

sentence is pronounced. <u>See</u> <u>Lopez</u>, 654 F.3d at 185, 187 n.5; <u>Labeille-Soto</u>, 163 F.3d at 98. Here

---

[2] "Computing a federal sentence requires two separate determinations: first, when the sentence commences; and, second, to what extent the defendant in question may receive credit for any time already in custody." <u>Jackson v. Killian</u>, 08 Civ. 04386 (SAS), 2009 WL 1835004, at *5 (S.D.N.Y. June 23, 2009) (citation omitted).

the BOP calculated Greenough's sentence to commence on June 17, 2004 – the date his federal sentence was imposed. <u>See</u> 18 U.S.C. § 3585(a). Accordingly, on its face this argument fails to persuade because his federal sentence could not have commenced any earlier than June 17, 2004.

Next, Greenough challenges the denial of credit for various periods of presentence custody, collectively seeking credit for all custody prior to the imposition of his federal sentence. First, although understandably raised only in his reply submission, Greenough challenges the DSCC's revised sentencing calculation, which denied him credit for presentence state custody from April 24, 2002 – the date his first sentence (Polk County) began – to October 15, 2003 – the date his third sentence (Hernando County) began. So-called <u>Willis</u> credit for presentence state custody ceases when the first sentence (state or federal) begins. (<u>See</u> BOP Sentence Computation Manual) at 1-22); <u>see also</u> <u>Jackson</u>, 2009 WL 1835004, at *5 (finding that BOP correctly calculated <u>Willis</u> credit from the time petitioner was detained until the time his state sentence began). Here, the DSCC's revised <u>Willis</u> calculation correctly credited Greenough for the period from October 11, 2001 – the date of his arrest for the underlying federal offense – through April 23, 2002 – the date before the imposition of his first sentence (imposed by Polk County). This revision corrected the earlier error of granting Greenough credit up to the date of his third sentence (imposed by Hernando County).

Second, Greenough seeks credit for the time spent in state custody from October 15, 2003, the date he started serving time on the Hernando County convictions, until he was transferred into federal custody to face charges in the Middle District of Florida, on November 13, 2003. These dates, however, already have been credited to Greenough's state sentence and therefore cannot be double-counted toward his federal sentence. In calculating his release date on the Hernando County convictions, the Florida Department of Correction granted Greenough

9

presentence custody credit for the days from October 11, 2001 (his arrest date) until October 15, 2003. The day of October 15, 2003 cannot now be credited toward Greenough's federal sentence because § 3585(b) bars such double-counting. See Lopez, 654 F.3d at 178 (finding that "[i]f a defendant's presentence custody has been credited to another sentence, no § 3585(b) credit is available"); United States v. Fermin, 252 F.3d 102, 108 n.10 (2d Cir. 2001) ("The [BOP] could not credit [defendant] for the time he had already served because it was credited against another sentence – the state parole violation – even though he might have been discharged earlier on his state sentence."); Werber v. United States, 149 F.3d 172, 173 (2d Cir. 1998).[3]

Similarly, on October 16, 2003, Greenough had begun his Hernando County sentences, and he was not released into federal custody until they were completed on October 11, 2011. Time spent serving a state sentence also is time credited against that sentence. See Mitchell v. Killian, 08 Civ. 02373 (LAP)(DF), 2009 WL 7451705, at *3-4 (S.D.N.Y. Apr. 13, 2009) (finding that time served on state sentence was time credited to that sentence), adopted by 2011 WL 710612, at *1 (S.D.N.Y. Feb. 25, 2011); see also United States v. Rivers, 329 F.3d 119, 121 n.1 (2d Cir. 2003) (finding that defendant could "not be credited by the BOP for the time served under the state sentence because that time ha[d] already been credited against another sentence – specifically, the state drug and counterfeit sentences" (citations and internal quotation marks omitted)). Accordingly, § 3585(b) bars double-counting the period from October 15, 2003, through November 13, 2003 (and, as explained below, until his federal sentence was imposed on June 17, 2004).

_____

[3] From the language employed in Respondent's submissions, October 15, 2013, also might be considered the first day of Greenough's Hernando County sentences. But for reasons discussed, even if this is correct, the day already has been counted.

Third, Greenough seeks credit for the 246 days ostensibly spent in federal custody following his transfer to the custody of the U.S. Marshals pursuant to a writ of *habeas corpus ad prosequendum* on November 13, 2003, until his federal sentence was imposed on June 17, 2004. The writ of *habeas corpus ad prosequendum* enables a jurisdiction "to take temporary custody of a prisoner confined within another jurisdiction, and indict, prosecute and sentence such prisoner." Flick v. Blevins, 887 F.2d 778, 781 (7th Cir. 1989). A prisoner remains, however, the subject of the state's jurisdiction during the time spent in federal custody pursuant to the writ. See United States v. Lockenwitz, 376 F. App'x 147, 150 (2d Cir. 2010) ("[A] defendant held at a federal detention facility is not 'in custody' for the purposes of § 3585(a) when he is produced through a writ of *habeas corpus ad prosequendum*." (quoting Fermin, 252 F.3d at 108 n.10)). In any event, these dates have already been credited toward Greenough's state sentence. See also Wilson, 503 U.S. at 334 (under 18 U.S.C. § 3585(b), a defendant may not receive double-credit for presentence detention time).

Relatedly, Greenough suggests that the filing of the federal detainer is sufficient to constitute federal custody for purposes of calculating presentence custody credit.[4] Some circuits have suggested that a federal prisoner may be awarded credit for presentence state custody if the prisoner can demonstrate that the federal detainer was the "exclusive" cause of his state detention. See, e.g., United States v. Blankenship, 733 F.2d 433, 434 (6th Cir. 1984) (explaining that "the evolved legal precedent also teaches that the credit against the federal sentence attaches only when the federal detainer is the exclusive reason for the prisoner's failure to obtain his release on bail"); Shaw v. Smith, 680 F.2d 1104, 1106 (5th Cir. 1982) (same). Although this exception to the general prohibition against double-counting state custody time has not been

_____

[4] It is not clear when the federal detainer was lodged.

11

adopted by the Second Circuit, some district courts have recognized it. <u>See, e.g.</u>, <u>Rosemond v. Menifee</u>, 137 F. Supp. 2d 270, 274-75 (S.D.N.Y. 2000). But even allowing for this exception does not offer Greenough any relief. Greenough already has received <u>Willis</u> credit for the dates in state custody from October 11, 2001, the date of his arrest, to April 23, 2002, the date before his first state sentence commenced. From April 24, 2002, through June 17, 2004, the date his federal sentence commenced, he was serving his state sentence. Plainly, the federal detainer was not the "exclusive" cause of his state detention at that time.

In his challenge to the BOP's denial of presentence custody credit, he cites to two cases. In <u>United States v. Smith</u>, 318 F. Supp. 2d 875 (C.D. Cal. 2004), the prisoner was arrested on federal charges, released on bond and thereafter committed a state offense for which he was arrested. The district court held that the prisoner was entitled to presentence custody credit against his federal sentence for all of his presentence incarceration, whether in federal or state custody, if the state custody resulted from commission of an offense that occurred after the commission of the federal offense. <u>Id.</u> at 878. <u>Smith</u> is distinguishable because, in that case, there was no allegation or evidence that the presentence time at issue had been credited against another sentence. [5] <u>Id.</u> By contrast, all of Greenough's presentence custody from April 24, 2002, until the imposition of his federal sentence was credited to his state sentences.

Greenough also cites to <u>Kayfez</u>, 993 F.2d at 1289, but that case does not apply here. The rule set forth in <u>Kayfez</u> is designed to allow a prisoner the full credit for his presentence custody. It applies only where a prisoner's state sentence is longer than his federal sentence, but, after the

---

[5] It appears that the <u>Smith</u> court did not count time served on the state sentence as time credited to that sentence (at the least, when the government did not allege that it should be so credited). But in this Circuit time served on a state sentence is time credited towards that sentence and, thus, time that cannot be concomitantly credited towards a federal sentence. <u>See</u> <u>Mitchell</u>, 2009 WL 7451705, at *3-4; <u>see also</u> <u>Rivers</u>, 329 F.3d at 121 n.1.

application of presentence custody credit to his state term, the state term would end before the federal sentence would be completed. In such circumstances, the BOP will grant a federal prisoner credit for enough presentence custody days to render his state and federal release date the same. Here, Greenough's state Raw EFT was never greater than his federal Raw EFT and so the application of presentence custody credit to his state sentence alone does not deny him full credit for his presentence custody. Allowing for presentence custody credit, Greenough's state sentences were completed on October 11, 2011 – whereas the BOP's best estimate is that Greenough will not complete his federal sentence until December 26, 2020.

Finally, Greenough seems to object that his federal sentence's completion date has been improperly calculated. Specifically, he states that his current release date is January 1, 2022, which is not the proper calculation of the "(235) months from the start of [his] jail credit" on October 11, 2001. (Greenough Petition for *Habeas Corpus* Under § 228 U.S.C. § 2241 at 5.)  It is unclear how Greenough derived this January 11, 2022 date; currently, Greenough's sentence is scheduled to end on December 26, 2020.

## CONCLUSION

For these reasons, I recommend that Greenough's petition for a writ of *habeas corpus* be DENIED. Because Greenough has not made a substantial showing of the denial of a constitutional right, I recommend that no certificate of appealability be issued. See 28 U.S.C. § 2253(c)(2); Lucidore v. N.Y.S. Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000).

I further recommend that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from its order would not be taken in good faith and, therefore, that *in forma pauperis* status be denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

\*     \*     \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS**
**TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable J. Paul Oetken at the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Oetken. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:        New York, New York
              July 26, 2013

14