UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JEROMEE WADE GREENOUGH                    :

                              Petitioner,    :

                                 :

         -v-                                  :

                                 :

MR. HUFFORD,                               :

                     Respondent. :
-----------------------------------------------------------X

12 Civ. 08836 (JPO)(SN)

ORDER ADOPTING
REPORT AND
RECOMMENDATION

J. PAUL OETKEN, District Judge.

    *Pro se* petitioner Jeromee Wade Greenough brings this petition for writ of *habeas corpus*, pursuant to 28 U.S.C. § 2241, alleging that the Federal Bureau of Prisons (the "BOP") erroneously calculated the presentence custody time credited to his federal sentence. After reviewing the pleadings and record, Magistrate Judge Sarah Netburn issued a Report and Recommendation, recommending that since the time Petitioner seeks to have credited toward his federal sentence has already been credited towards his state sentence, Petitioner's writ of *habeas corpus* should be denied. This Court adopts Judge Netburn's thorough Report and Recommendation in its entirety.

**I.      Standard of Review**

    In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where, as here, a magistrate judge provides notice to the parties in a report and recommendation that any objections must be provided within a certain period of time, and no such objections are filed, the district court will review the magistrate's findings for clear error. *See Wolff v. Town of My. Pleasant*, No. 06 Civ. 3865 (CS)(LMS), 2009 WL 1468620, at *1 (S.D.N.Y. May 26, 2009) ("The district court may adopt

COPIES MAILED TO
PRO SE PARTY ON _____ AUG 2 7 2013

those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record." (citing cases)); *accord Mott v. IBM*, No. 10 Civ. 4933 (JFB)(WDW), 2011 WL 3847176, at *1 (E.D.N.Y. Aug. 30, 2011) ("Where clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the report and recommendation without *de novo* review." (citing cases)).  At bottom, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

## II.   Application

Magistrate Judge Netburn first found that Greenough failed to exhaust his administrative remedies, because Greenough filed a required appeal to the Regional Director three weeks late, and then did not respond to BOP's repeated requests for an explanation.  (R & R at 4-5.)  He additionally presented an untimely appeal to the Office of General Counsel and again failed to respond to the BOP's request for an explanation.  (*Id.* at 4.)

Judge Netburn additionally concluded that Greenough's underlying claims are without merit.  (*Id.*)  First, Greenough contends that his federal sentence should be calculated to begin on either the date his federal detainer was lodged or the date he was transferred to federal custody pursuant to the writ of *habeas corpus ad prosequendum*.  (*Id.* at 8.)  This claim is inconsistent with 18 U.S.C. § 3585(a), however, which establishes that a federal sentence begins only after that sentence is first pronounced.  (*Id.*)  The BOP calculated Greenough's sentence to commence on June 17, 2004—the date his federal sentence was imposed; accordingly, Judge Netburn

2

concluded that his federal sentence "could not have commenced any earlier than June 17, 2004." (*Id.* at 9.)

Greenough also objects to his denial of credit for numerous periods of presentence custody, "collectively seeking credit for all custody prior to the imposition of his federal sentence." (*Id.*) First, with respect to the DSCC recalculation denying Greenough credit for presentence state custody from April 24, 2002 to October 15, 2003, Judge Netburn determined that the relevant recalculation "correctly credited Greenough for the period from October 11, 2001—the date of his arrest for the underlying federal offense—through April 23, 2002—the date before the imposition of his first sentence . . . ." (*Id.*) Greenough also seeks credit for the time spent in state custody from October 15, 2003 until he was transferred to federal custody in the Middle District of Florida on November 13, 2003. Those dates were credited to Greenough's state sentence however, and thus, cannot be double counted towards his federal time, as October 15, 2003 had been credited as presentence custody credit and, the following day, on October 16, 2003, Greenough had begun his Hernando County state sentences. (*Id.*) Additionally, Greenough seeks credit for the 246 days spent in federal custody in the wake of his transfer to the custody of the U.S. Marshals pursuant to a writ of *habeas corpus ad prosequendum* on November 13, 2003, until his federal sentence's imposition in June 2004. These dates were credited towards his state sentence as well. (*Id.* at 11.) Moreover, while there are certain exceptions to the general prohibition against double counting state custody time, Judge Netburn determined that they did not apply here.

Greenbough's final objection, that his federal sentence's completion date has been improperly calculated, is also without merit. (*Id.* at 13.) According to Greenough, his current

3

release date is set for January 1, 2022, which exceeds his 235-month sentence. (*Id*.)
Greenough's sentence, however, is scheduled to conclude on December 26, 2020. (*Id*.)

Judge Netburn clearly informed the parties of their right to object within 14 days of the
Report's issuance. (*Id*. at 14.)  The Report was filed on July 26, 2013, and no objections
followed.  Judge Netburn further recommended that no certificate of appealability be issued and
that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from its order not be
taken in good faith, thus denying *in forma pauperis* status for the purpose of an appeal. (*Id*. at 29
(citing *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).)

Having found no clear error, the Court adopts Judge Netburn's Report and
Recommendation in its entirety.

## III.   Conclusion

In accordance with Magistrate Judge Netburn's Report and Recommendation of July 26,
2013, Petitioner's writ of *habeas corpus* is DENIED.  As Petitioner has not made a substantial
showing of the denial of a constitutional right, no certificate of appealability will be issued.  The
Court certifies, pursuant to 28 U.S.C. 1915(a)(3), that any appeal from its order would not be
taken in good faith and, therefore, *in forma pauperis* status is denied for the purposes of an
appeal.

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: New York, New York
      August 27, 2013

                                     J. PAUL OETKEN
                            United States District Judge