UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JEROMEE WADE GREENOUGH,                          :
                            Petitioner,   :     12 Civ. 8836 (JPO)(SN)
                                      :
          -v-                                :     ORDER ADOPTING
                                      :     REPORT AND
MR. HUFFORD,                                     :     RECOMMENDATION
                         Respondent.  :
----------------------------------------------------------------X

J. PAUL OETKEN, District Judge.

      Petitioner Jeromee Wade Greenough brings this petition *pro se* under 28 U.S.C. § 2241 arguing that the Federal Bureau of Prisons (the "BOP") miscalculated prior custody credit to be applied to his federal sentence. After reviewing the pleadings and record, Magistrate Judge Sarah Netburn concluded that because the time Greenough seeks to have credited toward his federal sentence has already been credited to his state sentence, his petition should be denied. Greenough objects to Judge Netburn's recommendation on two grounds: first, he argues that his failure to exhaust his administrative remedies should be excused, and second, he argues that the BOP's recomputation of his sentence deprived him of his constitutional rights. This Court adopts Judge Netburn's thorough report and recommendation as set forth below.

## I. Standard of Review

      A district court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When parties object to any portion of a report and recommendation, that portion is reviewed *de novo*; otherwise, it is reviewed for clear error. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither

party objects to those findings."). Because Greenough is appearing *pro se*, the Court must construe his petition and other filings to raise the strongest claims they suggest. *Matias v. Artuz*, 8 Fed. App'x 9, 11 (2d Cir. 2001) (citing *Williams v. Kaufman*, 722 F.2d 1048, 1050–51 (2d Cir. 1983)).

## II.     Application

The following analysis assumes familiarity with the background facts and legal conclusions in Judge Netburn's Report and Recommendation.

### A.     *De Novo* Review

Greenough objects to Judge Netburn's findings and recommendations in two respects. First, he argues that he should be excused from exhausting the BOP's administrative remedies because the BOP misled him about those remedies.[1] Second, he argues that by recalculating his prior custody credit after this petition was filed, the BOP violated his right to due process and effectively suspended his right to petition for a writ of *habeas corpus*.[2] The Court considers these arguments *de novo*.

Greenough first argues that the Court should excuse his failure to exhaust the BOP's administrative remedies. Because the BOP computes sentences in the first instance, *United States v. Wilson*, 503 U.S. 329, 334–35 (1992), prisoners must ask the BOP to correct its own

---

[1] Judge Netburn does not recommend denying Greenough's petition because his failure to exhaust was inexcusable. The report and recommendation expresses skepticism about whether Greenough has demonstrated cause and prejudice justifying his failure to exhaust, but ultimately finds it unnecessary to reach that question because Greenough's underlying claims are meritless.

[2] Greenough did not raise this argument before Judge Netburn issued her report and recommendation. Greenough notes that he is unsure whether it was necessary to file an amended or supplemental petition in order to raise these arguments. In light of Greenough's *pro se* status, and because Respondent briefed these arguments in a response to Greenough's objections, the Court will consider his arguments without requiring formal changes to his petition.

errors before challenging those errors in the district court. *United States v. Labeille-Soto*, 163 F.3d 93, 99 (2d Cir. 1998). This requires a prisoner to exhaust any administrative remedies that the BOP makes available, including timely appeals to any office capable of granting the prisoner relief. *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 633–34 (2d Cir. 2001) ("The principles articulated in . . . our other procedural default precedents control" for purposes of § 2241 petitions); *Wedra v. Lefevre*, 988 F.2d 334, 338–40 (2d Cir. 1993) (holding claims dismissed due to late appeal were procedurally defaulted). If the BOP rejects a claim on a procedural basis (such as late filing), the prisoner has not exhausted his administrative remedies with respect to that claim, because the BOP did not have the chance to review the claim on the merits. *Carmona*, 243 F.3d at 633 (citing *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000)). But if a prisoner can establish "cause" for his failure to exhaust and resulting "prejudice," the Court will excuse his failure to exhaust. *Id.* at 634. "Cause" is an objective factor out of the prisoner's control which impeded his effort to use the administrative remedy program. *See Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (discussing cause for procedural default of claims raised under 28 U.S.C. § 2254).

The BOP administrative remedy program is codified at 28 C.F.R. § 542.10 *et seq*. In general, the first step in the program is to use a prison's informal procedure for resolving complaints, 28 C.F.R. § 542.13, and then to file a formal complaint with prison staff within twenty days of the event giving rise to the complaint, 28 C.F.R. § 542.14(a). But if a prisoner's complaint is about the decision of a BOP office outside of his prison—for example, a decision about the computation of his sentence—the prisoner may skip the informal resolution procedure and send his formal complaint directly to the relevant BOP office. §§ 542.13(b), 542.14(d)(5).

The twenty-day deadline still applies to complaints sent directly to an outside office. § 542.14(a).

Greenough's objection is that prison officials misinformed him about the operation of the BOP's administrative remedy program. He claims that the prison officials responsible for providing prisoners with information about the program derive all of their information from a BOP policy statement. The policy statement omits any reference to § 542.14(d)(5), which is the exception allowing prisoners to send complaints to outside offices in the first instance. Because prison officials did not know about this exception, they did not tell Greenough about it, so he improperly filed his complaint about his sentence computation with officials in his prison rather than with the relevant BOP office. Greenough argues that (1) he cannot be penalized for untimely appeal of his warden's decision, because it was not proper for him to file a complaint in his prison in the first place; and (2) any delay attributable to his improper filing should be excused, because that delay was ultimately caused by misinformation distributed by prison officials.

Greenough's arguments overlook a crucial point. Whether a prisoner files his complaint within his prison or with an outside BOP office, the complaint must be filed within twenty days of the event giving rise to the complaint. Greenough's sentence was computed on December 30, 2010 and certified on May 23, 2011. (Johnson Decl. Ex. 2 (Response to Request for Informal Resolution), Dkt. No. 21-2.) He did not attempt to file any complaint about the computation—with the proper office or otherwise—until approximately February 2, 2012. (Johnson Decl. ¶ 11 & Ex. 1. (Informal Resolution Form), Dkt. Nos. 20, 21-1.) Greenough's complaint would have been more than a year and a half late regardless of whether he filed it with the proper office. He does not suggest that prison officials misled him about the time limit for filing a complaint, and

4

therefore, he cannot attribute his late filing to prison authorities. Moreover, when prison authorities responded to his complaint on the merits (despite the fact that it was late and filed in the wrong venue), Greenough did not file a timely appeal from that decision. The BOP gave Greenough an opportunity to explain why his appeal was late, but he failed to respond; instead, he filed a new complaint with the proper office. The proper office reviewed Greenough's complaint and gave him an opportunity to explain why that complaint was late. Again, he failed to respond. These facts do not constitute cause for excusing Greenough's failure to exhaust. The Court therefore overrules Greenough's first objection and holds that he failed to exhaust his administrative remedies.

Greenough's second argument is that, by recomputing his sentence more than ten years after he was transferred to federal custody, the BOP has violated his right to due process and suspended his right to file a writ of *habeas corpus*.[3] After Greenough filed this action, the BOP reconsidered its original sentence computation and determined that he should receive only 194 days of prior custody credit, not 735 days as initially calculated. Greenough does not explain why this recomputation violated his right to due process, and the record contains no basis for such an argument. "The core of due process is the right to notice and a meaningful opportunity to be heard." *LaChance v. Erickson*, 522 U.S. 262, 266 (1998). While "due process is flexible and calls for such procedural protections as the situation demands," *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976), Greenough has not pleaded any facts suggesting that the BOP's administrative remedy program is an insufficient procedural protection in this case. The BOP

---

[3] Greenough seeks leave to raise arguments under 28 U.S.C. § 2255 in this action. This Court is not the proper venue for a § 2255 motion. Greenough must file the motion in the district where he was convicted and sentenced.

revoked more than 500 days of prior custody credit—credit that had been granted in error—well before Greenough was expecting to be released from prison (his release date was moved from July 5, 2019 to December 26, 2020). Greenough has had ample notice to challenge the revocation, but it appears that he did not choose to avail himself of the BOP's administrative remedy program, which would have been a fair opportunity to explain his arguments in support of the BOP's original calculation. At any rate, Greenough has made those arguments here, and the Court ultimately finds them to be without merit.

Greenough also argues that, if he had known that the BOP would grant only 194 days of prior custody credit, he would have filed a motion to vacate his sentence under 28 U.S.C. § 2255. The BOP's late recomputation therefore deprived him of the opportunity to file a § 2255 motion.

This argument misconstrues the circumstances under which a prisoner may file a *habeas* petition. When the procedural requirements for filing a § 2255 motion render it an "inadequate or ineffective remedy to test the legality of a federal prisoner's detention," such that § 2255 may otherwise run afoul of the Suspension Clause, courts instead permit the prisoner to file a *habeas* petition under § 2241(c)(3), which grants district courts a general power to grant a writ of *habeas corpus* to any petitioner who is in custody in violation of federal law. *Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). But Greenough cannot demonstrate that § 2255 is inadequate to challenge the legality of his detention. The time limit for filing a § 2255 motion is one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the movant's claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). There are no

facts suggesting that benchmark dates (2) or (3) are applicable here.  If Greenough argues that the one-year limitations period ran from the date his judgment of conviction became final, the period expired well before the BOP granted him 735 days of prior custody credit.  Greenough did not appeal his judgment of conviction; therefore, it became final on June 29, 2004, when his time to file a notice of appeal expired.  *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (conviction becomes final when ten-day period to file notice of appeal expires); Judgment, *United States v. Greenough*, No. 01 Cr. 0432 (M.D. Fla. June 18, 2004) (Dkt. No. 77).  Greenough's one-year period for filing a § 2255 motion ended June 29, 2005, more than five years before the BOP first computed his sentence on December 30, 2010.  He could not have relied on the BOP's computation when he decided against filing a timely § 2255 motion.  To the extent that Greenough argues that the BOP's recomputation is a new fact supporting his § 2255 motion,[4] the recomputation triggered a new one-year period within which Greenough could have filed a timely motion.  Regardless of whether Greenough argues that his limitations period should run from benchmark date (1) or (4), he cannot argue that the BOP's recalculation of his sentence deprived him of the opportunity to file a § 2255 motion. The Court therefore overrules Greenough's second objection and holds that the BOP's recomputation did not deprive him of his right to due process or his right to file a *habeas corpus* petition.

### B.    Clear Error Review

The Court reviews the remaining portions of the report and recommendation for clear error.  Judge Netburn concluded that Greenough's underlying claims are without merit.  First,

---

[4] It is unlikely that the BOP's sentence computation could be a fact supporting one of Greenough's § 2255 claims.  Section 2255 motions challenge the validity of a prisoner's conviction and/or sentence, matters which are determined by the district court before the BOP computes a prisoner's sentence.

Greenough contends that his federal sentence should be calculated to begin on either the date his federal detainer was lodged or the date he was transferred to federal custody pursuant to the writ of *habeas corpus ad prosequendum*.  This claim is inconsistent with 18 U.S.C. § 3585(a), which establishes that a federal sentence begins only after that sentence is first pronounced.  Judge Netburn correctly concluded that his federal sentence could not have commenced any earlier than the date it was imposed, June 17, 2004.

Greenough also objects to his denial of credit for numerous periods of presentence custody, "collectively seeking credit for all custody prior to the imposition of his federal sentence." (Report and Recommendation at 9, Dkt. No. 25.)  First, with respect to the BOP's recomputation, Judge Netburn correctly determined that the BOP credited Greenough for "the period from October 11, 2001—the date of his arrest for the underlying federal offense—through April 23, 2002—the date before the imposition of his first [state court] sentence . . . ." (*Id.*) Greenough is not entitled to credit for time he spent in state custody following April 24, 2002, the date of his first state court sentence.  Each day of custody following the first state court sentence was credited to the state sentence, and therefore, the BOP did not err by declining to double-count the period as credit toward his federal sentence.  18 U.S.C. § 3585(b) ("A defendant shall be given credit . . . for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence.").  Greenough also seeks credit for the 246 days he spent in federal custody after the imposition of his state court sentences but before the imposition of his federal sentence.  But these dates were credited toward his state sentence as well.  While there are limited circumstances in which the BOP should double-count days spent in custody prior to sentencing, Judge Netburn correctly determined that those circumstances do not apply here.  (Report and Recommendation at 11–13.)

8

Greenbough's final objection—that his federal sentence's completion date has been improperly calculated—is also without merit. (*Id*. at 13.) According to Greenough, his current release date is set for January 1, 2022, which exceeds his 235-month sentence. (*Id.*) His sentence is actually scheduled to conclude on December 26, 2020. (*Id.*)

Judge Netburn further recommended that no certificate of appealability be issued. The Court declines to issue any ruling with respect to a certificate of appealability. A certificate of appealability is not a prerequisite to appealing denial of a petition under 28 U.S.C. § 2241, and therefore, the Court need not certify any issues for appeal. *Drax v. Reno,* 338 F.3d 98, 106 n.12 (2d Cir.2003); *see* 28 U.S.C. § 2253(c)(1) (listing appeals requiring a certificate of appealability).

The Court adopts Judge Netburn's recommendation that the Court certify, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, thus denying *in forma pauperis* status for the purpose of an appeal. (*Id.* at 29 (citing *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).)

### III. Conclusion

Magistrate Judge Netburn's report and recommendation is adopted as set forth above. Greenough's petition is denied for failure to exhaust his administrative remedies, and, in the alternative, for failure to demonstrate a violation of the Constitution, laws, or treaties of the United States. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purposes of an appeal.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: New York, New York
April 22, 2014

_____
J. PAUL OETKEN
United States District Judge

Copy of this order was mailed to Pro Se party by chambers